Filed 2/10/15  In re R.B. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re R.B., et al., Persons Coming Under the Juvenile Court Law. | B257729 (Los Angeles County Super. Ct. No. DK03268) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NICOLAS B.,<br><br>    Defendant and Appellant. | |

APPEAL from the orders of the Superior Court of Los Angeles County, Steven Klaif, Juvenile Court Referee.  Affirmed with directions.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jeanette Cauble, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

Presumed father Nicolas B. appeals from orders declaring his three children, ages three, six, and eight, dependents under Welfare and Institutions Code section 300, subdivisions (a) and (b)[1] and removing them from parental custody under section 361, subdivision (c). Father contends the dependency court erred by making jurisdictional findings against him based on a history of domestic violence. He further contends that because he was a noncustodial parent, the court erred by denying his request to have the children placed with him, without making a detriment finding as required under section 361.2. The Los Angeles County Department of Children and Family Services (the Department) contends the court's jurisdictional findings against father are supported by substantial evidence, father forfeited his claim of error with respect to the court's dispositional orders, and even if the court erred, the error was harmless.

Because there is substantial evidence the father failed to protect the children from a risk of harm, we affirm the court's jurisdictional finding under section 300, subdivision (b) and decline to consider the finding under subdivision (a). We also affirm the court's order removing the children and denying placement with father. The court erroneously failed to find detriment under section 361.2 before deciding not to place children with their noncustodial father. However, the error was harmless because the court found there was clear and convincing evidence that permitting the children to live with father would pose a substantial danger to their physical and emotional health and their physical and emotional well-being.

## FACTUAL AND PROCEDURAL BACKGROUND

Father is a field worker in Fresno. In the summer of 2013, mother moved from Fresno to Los Angeles. She and the three minors lived in Los Angeles with maternal grandmother and maternal grandmother's eight-year-old son. According to mother,

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

father was in telephone contact with her and the children. He did not visit, but paid $300 in child support every two months. According to father, he and mother had an on-again, off-again relationship and all three children are his biological children. He said mother has packed up to go live with her mother numerous times, even though he has asked her to stay in Fresno. Father agreed he maintained contact with mother and the children by telephone when they were in Los Angeles, but claimed he never visited because mother refused to give him the address. The last time he saw his children was one year ago in Fresno.

The family has three prior child welfare referrals, none of which ended in a dependency proceeding. In July 2010, allegations that the oldest child (then four years old) was being sexually abused by his 22-year-old uncle were deemed unfounded by the Department. In September 2010, allegations of general neglect by mother were found inconclusive. In March 2012, mother's family took mother and her three children to a shelter after father and mother had been involved in an altercation that became physical, with father kicking mother on the leg and pushing one of the sons down. The children were present during the altercation. Mother had been to the shelter earlier that month. The Department provided voluntary family maintenance services to the family from April 2012 to February 2013, but mother was non-compliant and denied any mental health issues.

According to the Department's detention report, the children were detained on January 26, 2014, when mother was placed on a 72-hour involuntary psychiatric hold after she called police to complain that a stranger was impersonating maternal grandmother. Because this appeal concerns only the jurisdictional findings against father, we omit much of the factual detail relating to sustained allegations regarding mother's mental health, her treatment of the children, and the unsanitary conditions of the home. Mother said she and father have a 10-year history of domestic violence, and father has hit her and kicked her on her body. She denied reporting the domestic violence, but said it was one of the reasons she moved to Los Angeles. The Department was unable to contact father because it did not have current contact information for him. The

3

Department filed a petition alleging jurisdiction under subdivisions (a) and (b) of section 300, alleging, among other things, that mother's mental and emotional problems render her unable to care for the children, and that mother and father have a long history of domestic violence, which endangers the children's physical health and safety.

The Department filed a jurisdiction and disposition report on March 20, 2014. The report included information from a March 12, 2014 phone interview with father. He acknowledged lightly slapping mother on the face during an argument after a man called her cell phone late at night. He initially denied hitting mother on any other occasion, but when he was asked about his criminal history, he stated he was arrested in 2003 or 2004 for hitting mother.[2] Mother claimed father had threatened her with a knife on at least one occasion, but could not remember when. She also claimed he hit her in the stomach while she was pregnant with another man's child. Father denied both claims. By March 2014, mother had returned to Fresno, and reported she was in a relationship with another man and had no intention of returning to Los Angeles. Neither parent had transportation and so they had been unable to visit the children, who were in foster care placements in Los Angeles. Because both mother and father were now living in Fresno, the Department recommended transferring the case to Fresno.

On March 17, 2014, father informed the Department he would be unable to attend the jurisdiction hearing scheduled for March 20, 2014. He had asked for the day off

---

[2] When a parent has a criminal history, the Department typically attaches to its report a printout from CLETS (California Law Enforcement Telecommunications System). In this case, the "criminal history" section of the Department's March 20, 2014 report states the Department ran a CLETS report for mother, but does not provide any CLETS information for father. Instead, the report summarizes the March 12, 2014 phone interview, during which father stated "he has been arrested for the following:
- Public intoxication
- Fighting on the street with another man in 1997
- Spousal abuse against mother in 2003 or 2004 in Fresno
"Father stated that he was incarcerated for one year and he went before a judge. He was placed on probation for one year." There was no additional evidence before the court regarding father's criminal history.

4

work, but was told that if he took the day off, he would be replaced. The court continued the matter, conditionally appointing counsel to contact father.

At the continued adjudication hearing on May 5, 2014, father's counsel requested a continuance, explaining that father was unable to take time off work or arrange transportation from Fresno to appear. The court denied father's request. The court received the Department's reports into evidence and heard testimony from mother, who denied abusing or neglecting the three children, and testified she protected them from domestic violence by leaving Fresno. Father's counsel did not call any witnesses, and moved to dismiss the allegations against father for insufficiency of the evidence and because the Department had not shown a nexus between any evidence of domestic violence and current risk to the children. The court sustained the following amended allegations of domestic violence between mother and father under subdivisions (a) and (b) of section 300: "[Mother and father] have a history of engaging in violent altercations. Such violent conduct on the part of the father against the mother endangers the children's physical health and safety and places the children at risk of physical harm damage, danger and failure to protect including the father recently having struck the mother in the face with his hand."

During the disposition hearing, father's counsel requested that the children be released to father. In light of the domestic violence allegation pertaining to father, counsel argued, "Although there is clear and convincing evidence that the children would be at risk, considering the length of time that this did occur, the father is no longer living with the mother. And that there are reasonable means to protect the children by having them with the father. The mother having monitored visits. [¶] The father can participate in counseling while he does have his children so I don't believe the Department have met the burden." Father's counsel did not mention section 361.2 or request detriment findings under that section. The court ordered the children removed, finding "by clear and convincing evidence pursuant to 361[, subdivision] (c) that there is a substantial danger or would be if the children were returned home to the physical health, safety protection or physical emotional well being of the children." The court made no findings

5

under section 361.2.  The court also ordered the case transferred to Fresno, and on June 2, 2014, confirmed the case had successfully been transferred.

**DISCUSSION**

**Jurisdictional Findings**

Father contends there was insufficient evidence to support a jurisdictional finding under section 300, subdivision (b), and in any event, there is no current or future risk of physical or emotional abuse because he and mother are no longer living together.

We apply the substantial evidence standard of review when examining the sufficiency of the evidence supporting the court's jurisdictional findings.  "[W]e draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court."  (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.)  The pertinent inquiry is whether substantial evidence supports the finding, not whether a contrary finding might have been made.  (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

Subdivision (b) of section 300 supports dependency court jurisdiction if a child has suffered, or there is a substantial risk the child will suffer, serious physical harm or illness as a result of the parent's failure to adequately supervise or protect the child.  "The three elements for [jurisdiction under] a section 300, subdivision (b) finding are:  '(1) neglectful conduct by the parent in one of the specified forms; (2) causation; and (3) "serious physical harm or illness" to the [child], or a "substantial risk" of such harm or illness.'  [Citation.]  The third element, however, effectively requires a showing that at the time of the jurisdictional hearing the child is at a substantial risk of serious physical harm in the future (e.g., evidence showing a substantial risk that past physical harm will reoccur).  [Citations.]"  (*In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1395-1396.)

6

Domestic violence in the household where children live creates a substantial risk of serious harm and is detrimental to children. (*In re E.B.* (2010) 184 Cal.App.4th 568, 576; *In re Heather A.*, *supra*, 52 Cal.App.4th at p. 194.) Violence by one parent against another harms the children even if it is not directly witnessed by the children. Past abuse or violent behavior is a good indication that future abuse is likely to occur. (*In re E.B., supra,* at p. 576.) In *In re E.B.*, *supra,* at page 578, the court used evidence of father's physical and emotional abuse of mother within earshot of the children as a factor to support the conclusion that father presented a substantial risk of physical harm to the children at the time of the hearing.

In this case, father and mother share a 10-year history and parenthood over three children, and father's statements demonstrate his tendency to minimize the seriousness of his abusive conduct. They are not currently living together, but mother has left father and returned to him in the past. Mother moved from Fresno to Los Angeles to escape father's violent behavior, but has now returned to Fresno. The family had a prior child welfare history that included mother being taken to a shelter after an altercation between mother and father in March 2012, when the youngest child was less than two years old. When the social worker interviewed father, he first denied hitting mother at all until the social worker asked him about his criminal history. The dependency court was entitled to believe mother's statements concerning domestic violence, particularly in light of father's admissions that he had been arrested for hitting mother in 2003 or 2004, and he had slapped her after she received a phone call from another man. Father admitted the slapping incident happened when the children were asleep in another bedroom. The court could reasonably find that, as children who had been exposed to spousal abuse, they were more likely to be physically abused themselves. (*In re Sylvia R.* (1997) 55 Cal.App.4th 559, 562.) Father's past behavior, combined with the fact that mother and father are now living in the same city, creates a future risk to the children. Based on these facts, we find substantial evidence supports the dependency court's assertion of jurisdiction under section 300, subdivision (b).

Since jurisdiction over the children was proper under section 300, subdivision (b), we need not address the court's finding under subdivision (a). Even if the court erred in sustaining the subdivision (a) allegation, any error was harmless. "When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence. [Citations.]" (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.)

**Removal Order**

Father contends the court erred when it ordered the children removed from parental custody under section 361, subdivision (c), rather than making the detriment finding necessary to deny a noncustodial parent's request for placement under section 361.2. The Department first contends father forfeited the issue by failing to raise it below. It also contends that if the court erred by failing to make detriment findings under section 361.2, any such error was harmless and caused no prejudice to father.

We first reject the Department's contention that father forfeited this issue by failing to raise section 361.2 as a matter for the court to consider. A claim of error is forfeited on appeal if it is not raised in the trial court. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]" (*Ibid.*) The rationale behind the forfeiture rule is that it would be "inappropriate to allow a party not to object to an error of which the party is or should be aware . . . ." (*In re Dakota S.* (2000) 85 Cal.App.4th 494, 501.) "Application of the forfeiture rule, however, is not automatic. [Citation.] When an appellant raises a question of law, for example, the appellate court

can exercise its discretion to address the issue. [Citation.]" (*In re Abram L.* (2013) 219 Cal.App.4th 452, 462.)

We apply a de novo standard of review to determining whether the court erred in failing to make findings under section 361.2, subdivision (a), before denying father's request to have the children released to him. (*In re D'Anthony D.* (2014) 230 Cal.App.4th 292, 298.) Under section 361.2, subdivision (a), if a noncustodial parent requests custody, "the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child." The court must make its findings "either in writing or on the record[.]" (§ 361.2, subd. (c).) In comparison, when a court orders a child removed from parental custody under section 361, it must find clear and convincing evidence that if the child were returned home, there is or would be "substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor" and that there are no reasonable means to protect the child without removal. (§ 361, subd. (c)(1).)

The cases are split on whether section 361.2 applies when, as here, an "offending" parent—i.e., a parent against whom the court has made jurisdictional findings—requests placement. (*In re Christopher M.* (2014) 228 Cal.App.4th 1310, 1317 [reviewing various cases recognizing or rejecting a requirement that the noncustodial parent be "non-offending" in order to seek placement under section 361.2].) We agree with the Fourth District's opinion in *In re Nickolas T.* (2013) 217 Cal.App.4th 1492, 1505-1506, which concluded that a parent's status as "offending" does not preclude the application of section 361.2 to the court's placement decision. The Court of Appeal in that case noted the absence of any "non-offending" requirement in the plain language of section 361.2— in contrast to references to "offending" and "non-offending" parents in section 361, subdivision (c). Instead, the court reasoned that the focus remains on whether placement with the noncustodial parent would pose a risk of detriment to the child's safety, protection and physical and emotional well-being. (*Id.* at p. 1505.) "If a noncustodial parent is in some way responsible for the events or conditions that currently bring the

9

child within section 300—in other words, if the parent is an 'offending' parent—those facts *may* constitute clear evidence of detriment under section 361.2, subdivision (a).  The statute does not require the court, prior to assessing whether placement with a noncustodial parent would be detrimental to the child, to first determine whether that parent is a 'nonoffending noncustodial parent' or 'offending noncustodial parent,' and whether that parent retains 'the right to physical custody' of the child." (*Ibid.*, italics added.)  In other words, while sustained jurisdictional allegations against a noncustodial parent do not preclude the parent from requesting placement under section 361.2, subdivision (a), the evidence supporting those sustained allegations should not be ignored in determining whether such placement would be detrimental.  Because jurisdictional findings are made under a preponderance of the evidence standard, "the juvenile court cannot preemptively deny placement with a noncustodial parent, based solely on sustained jurisdictional allegations, without finding, by clear and convincing evidence, the placement would be detrimental to the child. (§ 361.2, subds. (a) & (c).)" (*In re D'Anthony D.*, *supra*, 230 Cal.App.4th at pp. 302-303.)

At the disposition phase, father's counsel requested that the children be placed in father's custody.  Because father was a noncustodial parent, his request for the children to be released to him triggered section 361.2, subdivision (a), requiring the court to place the children with him or to find that such placement "would be detrimental to the safety, protection, or physical or emotional well-being of the child."  The court erred when it did not make the required detriment finding under that section before denying father's request to have the children placed with him.  (*In re D'Anthony D.*, *supra*, 230 Cal.App.4th at p. 301 [constitutional due process requires a detriment finding by clear and convincing evidence before a noncustodial parent can be denied placement under section 361.2]; *In re Abram L.*, *supra*, 219 Cal.App.4th at p. 461.)

**Harmless Error**

Father seeks reversal of the court's dispositional order because the court did not make the required detriment finding under section 361.2. However, he has not met his burden of demonstrating prejudicial error. Father must demonstrate a reasonable probability that, in the absence of error, the lower court would have reached a decision more favorable to him. Otherwise, any error by the court is harmless. (See, e.g., *In re D'Anthony D.*, *supra*, 230 Cal.App.4th at p. 303 [failure to make detriment finding was harmless]; *In re Abram L.*, *supra*, 219 Cal.App.4th at p. 463 [finding prejudicial error because there was a reasonable probability of a different result in the absence of error].)

"By its terms, section 361 applies to a custodial parent, while placement with a noncustodial parent is to be assessed under section 361.2. [Citation.]" (*In re D'Anthony D.*, *supra*, 230 Cal.App.4th at p. 303.) In this case, the court's error was in making its findings under the incorrect statute. Rather than finding clear and convincing evidence that placement with father would be detrimental, it found clear and convincing evidence of a "substantial danger" to the children's "physical health, safety protection or physical emotional well being of the children" under section 361, subdivision (c)(1), and ordered the children removed from parental custody.[3]

In deciding whether there is a reasonable probability of the lower court reaching a result more favorable to father under section 361.2 than it did when it found clear and convincing evidence to support removal under section 361, subdivision (c), "we can neither ignore the similarity between these statutes' mandatory findings, nor disregard the evidence supporting the court's 'substantial danger' finding concerning placement with father. (See, e.g., *In re Nickolas T., supra*, 217 Cal.App.4th at pp. 1507-1508 [applying

---

[3] Section 361, subdivision (c) provides in relevant part: "A dependent child shall not be taken from the physical custody of his or her parents or guardian or guardians with whom the child resides at the time the petition was initiated, unless the juvenile court finds clear and convincing evidence of . . . [¶] (1) . . . a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home . . . ."

the best interests standard and placing child in long-term foster care without considering detriment under section 361.2 was harmless error where the record contained substantial evidence to support a detriment finding]; cf. *Abram L., supra*, 219 Cal.App.4th at pp. 460-464 [finding miscarriage of justice where court made section 361 finding as to custodial mother, but not noncustodial father, and 'nothing in the record' indicated the court considered the requirements of section 361.2].)" (*In re D'Anthony D.*, *supra*, 230 Cal.App.4th at p. 303.)

Because the record contains substantial evidence in support of the court's finding of "substantial danger" under section 361, subdivision (c), we infer that the court would have relied on the same evidence in making a detriment finding against father. "In view of the juvenile court's 'substantial danger' finding under section 361, subdivision (c)(1), and the evidence supporting that finding with respect to father, we conclude the court's error did not result in a miscarriage of justice. (Cal. Const., art. VI, § 13 ['No judgment shall be set aside . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice'].)" (*In re D'Anthony D.*, *supra*, 230 Cal.App.4th at p. 303.)

The family has a documented history of multiple child welfare referrals and domestic violence, sometimes requiring law enforcement intervention and sometimes rising to the level of physical violence. Father minimized the existence of his participation in domestic violence. His domestic violence issues remained unresolved. We have no doubt that had the trial court applied the correct standard, it would have found "that placement with [father] would be detrimental to the safety, protection, or physical or emotional well-being of the [children]." No miscarriage of justice occurred in this case.

## DISPOSITION

The court's jurisdictional findings and dispositional orders are affirmed. Based on case transfer documentation contained in the record, we further direct the clerk of the court to forward a copy of this opinion to the dependency court in the county of Fresno, the court currently exercising jurisdiction over the case.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.

13